The State v. Dean.

---

### THE STATE v. ISAAC M. DEAN AND OTHERS.

1. The common council of the city of Newark, by their charter, have power to direct any public street opened by an individual on his own lands to be graded, put in repair, and made fit for travel, and to assess the whole expense thereof upon the lands of the person opening the street.

2. This power is neither unconstitutional, retrospective, or unjust, and the grant of it is valid.

This was a *certiorari*, directed to the common council of Newark, to return into this court an assessment made by commissioners appointed by the common council to assess the expenses of grading and putting in proper order a street which had been opened across their own lands by the prosecutors of the *certiorari*. This street had been opened before the act was passed which gave to the common council power to survey, adopt, and regulate streets opened by individuals on their own lands. The cost of grading and improving this street was assessed wholly upon the lands of the prosecutors.

The provisions of the charter, the facts of the case, and the grounds relied upon for reversal, appear in the opinion of the court.

The case was argued before the CHIEF JUSTICE and Justices NEVIUS and OGDEN.

*Bradley*, for plaintiffs in *certiorari*; *F. T. Frelinghuysen*, for defendants.

NEVIUS, J. This *certiorari* brings up an assessment of commissioners, made under an order or ordinance of the common council of Newark against the owners of lands on Bleeker street, for filling up and grading said street. The objection urged against this assessment is, that it is made under color of a law unequal and retrospective in its operation, and unconstitutional. This street was opened in 1847, by the voluntary act or dedication of the owners of lands through which it passed. The order of the corporation complained of was made on the 6th of December, 1850; the assessment was made on the 5th of February, 1851, and confirmed on the 7th of the same month. This order was made by virtue or under color of an act of the legislature of 28th February, 1849. By the fifth section of that act, common council were authorized, when they deemed it expedient, to cause surveys to be made, filed, and recorded in the clerk's office, of all roads and streets which they should think proper, and which before that time had been, or thereafter might be opened by the owners of land through which they run, and which has been by such owners dedicated to the public. And all such roads and streets, when surveyed, and the surveys filed and recorded, shall be deemed public streets, and be made, maintained, and treated as such. And they were also authorized to assess the expense of *grading and improving* such streets on the owners of property on said streets benefited thereby.

By the fourteenth section of the act incorporating the city of Newark, passed on the 29th of February, 1836, the common counsel were empowered to pass all such ordinances as they should deem proper for *regulating, cleansing,* and keeping in repair the streets and highways. By the thirtieth section of the same act, it was made lawful for them to lay out and open any street which they might judge the public good required, and, by commissioners, to assess the damages which the owners of lands (required for such streets) might sustain by reason of laying out said streets. This power, by the same section, was

limited to cases where three-fourths of the owners of land lying on such contemplated street should petition for the same. To provide for the payment of these damages, the thirty-fourth section enacts that the common council shall cause an equitable assessment to be made upon the owners of lots intended to be benefited by such streets. There is another provision in the same charter relating to this subject. The thirty-seventh section provides that no street thereafter to be laid out shall be recognized as a public street, unless laid out under the direction of common council.

It will be seen, from this brief recital of the provisions of the charter of Newark on the subject of streets, that the common council were invested with power to regulate and repair, and keep in *order* the streets, to lay out and open streets, and award damages to land owners whose lands were taken for such streets, and assess these damages upon persons who were to be benefited by such improvement; but they were prohibited from recognizing any street as a public street, and as such subject to their ordinances and regulations, unless the same were laid out and opened under their direction, pursuant to their charter.

To remedy this, and extend the power of the corporation, the supplement to their charter was passed the 29th of February, 1849, the fifth section of which I have above recited. This gives them the power to adopt or recognize, by a survey, filing, or recording, such streets as have been, or may thereafter be dedicated by land owners *to public use as public streets,* and brings such streets under their jurisdiction and control. It is a general law on the subject of dedicated streets extending throughout the territorial limits of the city, not unequal nor unjust in its operation, nor in any wise retrospective or unconstitutional. Under this law, the common council of Newark had a perfect right to ordain that the persons who had dedicated and opened a portion of their lands for the public use as streets or highways, or who should hereafter make such dedication, should be at the expense of grading and improving the same, so as to make them in the first place passable and safe for public travel.

The dedication of lands for public streets is the voluntary act of owners, and, perhaps, without exception, made to promote their own interest by enhancing the price or value of the adjacent lands. But streets dedicated might be impassable and dangerous, or in such condition as to be a common nuisance; the legislature, therefore, had the right to confer upon the corporation the power of assessing upon the persons making such dedication the expense of grading and so improving them, as in the first place to make them passable, in case the corporation saw fit to take them under their jurisdiction and recognize them as public streets. There is nothing unjust or inequitable in this. If land owners see fit, for their own benefit and advantage, to throw out a portion of their lands, and mean that the same shall be recognized and used as a public street, they are bound by every fair principle to put it in a condition to be safely used as such, and have no right to assess upon the public the expense of having this done. The corporation, under the supplment of 1849, may enforce this duty by assessing upon the land owners this expense, whether the dedication was made before or after the passage of the act. When this has been done, the expense of working, cleansing, and keeping it in repair will be defrayed in the same way as other streets are.

I see nothing unfair or unequal, retrospective or unconstitutional, in this law. The proceeding of common council of Newark touching this assessment, in my opinion, ought to be affirmed, with costs.

The CHIEF JUSTICE and Justice OGDEN concurred.

Assessment affirmed.

CITED in State v. Atlantic City, 5 Vr. 102.